UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACOB S. SILVERMAN,

    Plaintiff,

v.

IVERS, et al.,

    Defendants.

Case No. 17-cv-03700-MEJ (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, an inmate at the Humboldt County Correctional Facility, has filed a pro se civil rights action under 42 U.S.C. § 1983. He is granted leave to proceed in forma pauperis by separate order. Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

**DISCUSSION**

**A.**    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

In his complaint, plaintiff alleges that medical staff and grievance personnel at the Humboldt County Correctional Facility improperly have delayed or denied pain treatment for an injury he suffered to his wrist in December 2016. Plaintiff names defendants Dr. Borelson, Nurse Practitioner Ivers, Lieutenant Flint, and Lieutenant Christian, but adds insufficient facts linking them to his allegations of wrongdoing.

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). An inmate claiming that prison or jail officials have responded inadequately to his medical needs must establish two elements to state a claim under § 1983. First, he must identify an objectively serious medical need. See Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (serious medical need exists if "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.") Second, he must allege that a defendant acted with the requisite mental state of deliberate indifference to the risk to the inmate's health. It appears that a pretrial detainee must allege facts to show that a defendant "did not take reasonable measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree or risk involved--making the consequences of the defendant's conduct obvious." Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016 (en banc). Mere negligence or an inadvertent failure to provide adequate medical care does not rise to the level of a

constitutional violation. See id. at 1071.[1]

Plaintiff's allegations that he suffered prolonged pain from injury to his wrist establish that he had a serious medical need. However, as noted above, the complaint does not sufficiently link any named defendant to his claim that there was a deliberate failure to provide medical treatment. Therefore, the claim is dismissed. Dismissal is with leave to amend for plaintiff to add allegations that show defendants knew about plaintiff's serious medical need and deliberately prevented plaintiff from receiving medical care or failed to take reasonable measures to abate the risk to his health.

In his amended complaint, plaintiff must specifically identify what each named defendant did or did not do with regard to each separate claim. Sweeping conclusory allegations will not suffice. Plaintiff should not refer to the defendants as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claims by explaining what each involved defendant did or failed to do that caused a violation of his rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The Court will not read through exhibits to attempt to piece together a claim for a plaintiff. It is a plaintiff's duty to provide a statement that is a complete statement of his claims against each of the defendants. Finally, plaintiff is advised that a prison official cannot be liable for damages under § 1983 simply because he is responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In his amended complaint, plaintiff should specify whether he is a pretrial detainee or a convicted prisoner. Plaintiff must also complete all sections of the court's form complaint and must sign and date the form complaint.

**CONCLUSION**

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend.

---

[1] If plaintiff is not a pretrial detainee, but rather a convicted prisoner, the Eighth Amendment's subjective standard of deliberate indifference would apply, i.e., the prisoner-plaintiff would have to show that a defendant knew of and consciously disregarded an excessive risk to inmate health. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

2. Within **thirty (30)** days from the date of this order, plaintiff must file an amended complaint to cure the deficiencies noted above, if he truthfully can do so. Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 17-3700 MEJ (PR), and the heading "AMENDED COMPLAINT." **Failure to file the amended complaint by the deadline will result in the dismissal of the action.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Plaintiff may not incorporate material from the prior complaint by reference.

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk shall send plaintiff a blank civil rights form along with his copy of this order.

**IT IS SO ORDERED.**

Dated: September 26, 2017

MARIA-ELENA JAMES
United States Magistrate Judge