UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB S. SILVERMAN,<br><br>    Plaintiff,<br><br>v.<br><br>IVERS, et al.,<br><br>    Defendants. | Case No. 17-cv-03700-MEJ (PR)<br><br>**ORDER OF DISMISSAL WITH FURTHER LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate at the Humboldt County Correctional Facility, filed this pro se civil rights action under 42 U.S.C. § 1983. On September 26, 2017, the Court reviewed his original complaint and dismissed it with leave to amend. Plaintiff then filed an amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u> § 1915A(b). Pro se pleadings must be liberally construed, however. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

1  statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon
2  which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although
3  in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
4  obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and
5  conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
6  Factual allegations must be enough to raise a right to relief above the speculative level." Bell
7  Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint
8  must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

In his amended complaint, plaintiff alleges that medical staff and grievance personnel at the Humboldt County Correctional Facility improperly have delayed or denied pain treatment for nerve damage in his hand and wrist. When liberally construed, the allegations state a cognizable claim for deliberate indifference to plaintiff's serious medical needs as against the following defendants: Dr. Borelson, Nurse Practitioner Ivers, Lieutenant Flint, and Lieutenant Christian.

Plaintiff has also named as one of the defendants, Humboldt County Correctional Facility. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff has not alleged that Humboldt Correctional Facility had any policy that amounted to deliberate indifference to

plaintiff's constitutional rights. Plaintiff will be granted further leave to amend to attempt to allege a Monell claim if he wishes to do so.

**CONCLUSION**

The amended complaint states a cognizable § 1983 claim against defendants Borelson, Ivers, Flint, and Christian. Further leave to amend will be granted so that plaintiff may attempt to allege a Monell claim, as discussed above, in a second amended complaint ("SAC"). The SAC must be filed within **thirty (30)** days from the date of this order, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his SAC must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Therefore, he must repeat his allegations against defendants Borelson, Ivers, Flint, and Christian in the SAC if he files an SAC. Failure to file the SAC by the deadline will result in the dismissal of Humboldt County Correctional Facility.

**IT IS SO ORDERED.**

Dated: December 27, 2017

MARIA-ELENA JAMES
United States Magistrate Judge