United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB S. SILVERMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>IVERS, et al.,<br><br>    Defendants. | Case No. 17-03700 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; ADDRESSING PENDING MOTIONS; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**<br><br>(Docket Nos. 15, 16 & 17) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against staff at the Humboldt County Correctional Facility ("HCCF").[1] The amended complaint was dismissed with leave to amend. (Docket No. 11.) Plaintiff's second amended complaint is before the Court for an initial review. (Docket No. 12, hereafter "SAC.")

## DISCUSSION

**A.** **<u>Standard of Review</u>**

A federal court must conduct a preliminary screening in any case in which a

---

[1] The matter was reassigned to this Court on February 13, 2018. (*See* Docket Nos. 13, 14.)

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff claims that after he was injured on December 22, 2016, Defendants at HCCF failed to provide treatment or pain relief. (SAC at 3.) Plaintiff claims he suffered months of pain until he was referred to a "bone specialist" and later a neurologist who diagnosed nerve damage. (*Id.*) Plaintiff claims Defendants continued to deny him effective pain relief and treatment for the nerve damage. (*Id.*) Liberally construed, Plaintiff states a cognizable Eighth Amendment claim under § 1983 for deliberate indifference to serious medical needs.

In the court's order of dismissal with leave to amend, Plaintiff was granted leave to attempt to state a municipal liability claim against HCCF under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). (Docket No. 11 at 2.) To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff claims that the

2

"HCCF owner is responsible fully to ensure [an] inmate receives full injury treatment, and safety and pain prevention treatment but failed to do such professionally and humanely." (SAC at 3.) This assertion is conclusory, and otherwise fails to state sufficient facts to support a *Monell* claim, specifically because there is no claim that a policy was the moving force behind the alleged violation of Plaintiff's rights. Accordingly, the claim against the HCCF or its "owner" must be dismissed for failure to state a claim for relief.

C. **Plaintiff's Pending Motions**

Plaintiff has filed a motion "to mandate neurological treatment effectively and effective pain relief," which the Court construes as a motion for preliminary injunction. (Docket No. 8.) Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). There is no indication that notice to the adverse parties has been given, or that any adverse party had been served at the time Plaintiff filed this motion. Accordingly, the motion is **DENIED** without prejudice to Plaintiff refiling after Defendants have been served with this action.

Plaintiff has filed a motion for summary judgment and or jury trial. (Docket No. 16.) This motion is also **DENIED** without prejudice to Plaintiff refiling after Defendants have appeared in this action. Plaintiff must serve Defendants with any such motion.

Plaintiff has filed a motion "to copy case records of Plaintiff's medical file on record… and/or to order [HCCF] to provide a copy" to the Court. (Docket No. 17.) The motion is **GRANTED IN PART**. HCCF is not a party to this action since the claim against them has been dismissed for failure to state a claim. If Plaintiff continues to be denied access to his medical records by HCCF to the full extent permitted under the law, e.g., HIPAA and PAHRA,[2] Plaintiff may request the Court issue a subpoena if necessary.

---

[2] PAHRA refers to California's Patient Access to Health Records Act, (CA Health & Safety §§ 123100-123149.5).

3

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second amended complaint, (Docket No. 12), all attachments thereto, and a copy of this order upon **Defendants Iver Fiam, April Bernhart, Duane Christian, Lt. Flint, and Dr. Borelson** at their place of employment, **Humboldt County Correctional Facility** (869 4th St., Eureka, CA 95501)**.** The Clerk shall also mail a copy of this Order to Plaintiff.

The claim against Defendant HCCF is **DISMISSED** for failure to state a claim for relief. Accordingly, Defendant HCCF or "HCCF Owner" will be dismissed from this action.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date

4

the waiver form is filed, whichever is later.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11. Plaintiff's motion "to mandate neurological treatment," and motion for summary judgment are **DENIED without prejudice**. (Docket Nos. 15 and 16.)

12. Plaintiff's motion with respect to his medical records, (Docket No. 17), is **GRANTED IN PART**. HCCF is requested to provide Plaintiff access to his medical records to the full extent required under the law. Plaintiff may provide a copy of this order with any request to the appropriate official at HCCF, if necessary.

This order terminates Docket Nos. 15, 16, and 17.

**IT IS SO ORDERED.**

Dated: __7/11/2018_____

BETH LABSON FREEMAN
United States District Judge

Order of Service
PRO-SE\BLF\CR.17\03700Silverman_svc