UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SILVERMAN,<br><br>   Plaintiff,<br><br> v.<br><br>IVER LIEN, et al.,<br><br>   Defendants. | Case No. 17-04030 BLF (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS FLINT AND CHRISTIAN WITH LEAVE TO AMEND; ADDRESSING PENDING MOTIONS**<br><br>Docket. Nos. 33, 53, 56, 58, 61, 62, 66, 68, 75, 80 |

Plaintiff, a California inmate, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, against prison officials at the Humboldt County Correctional Facility ("HCCF"). The Court found the second amended complaint, (Docket No. 12, hereinafter "SAC"), stated a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs, and ordered the matter served on Defendants. (Docket No. 18.) Defendants Dean Flint and Duane Christian filed a motion to dismiss the claims against them for failure to plead sufficient facts to establish liability.[1] (Docket No. 33, hereinafter "Mot.") Plaintiff

---

[1] Defendants Iver Lien, Dr. Michael Burleson, and April Barnhart filed a separate motion for summary judgment, (Docket No. 59), which will be addressed in a separate order. The Court notes that these Defendants' names were incorrectly spelled by Plaintiff in his complaint. The Clerk shall update the docket with the correct spelling of their names as

1

has filed an opposition, (Docket No. 35), and Defendants filed a reply, (Docket No. 40).[2]

For the reasons discussed below, Defendants' motion is **GRANTED**.

## I. DISCUSSION

### A. Plaintiff's Claims

Plaintiff claims that after he was injured on December 22, 2016, Defendants at HCCF failed to provide treatment or pain relief. (SAC at 3.) Plaintiff claims he suffered months of pain until he was referred to a "bone specialist" and later a neurologist who diagnosed nerve damage. (*Id.*) Plaintiff claims that "via the medical requests, med visit, and 'grievance process' – Iver Fiam, April Bernhart, Dr. Borelson, Lieutenants Christian and Flint ALL denied Plaintiff effective pain relief and effective treatment to the nerve damaged." (SAC at 3.) Liberally construed, the Court found the SAC stated a cognizable Eighth Amendment claim under § 1983 for deliberate indifference to serious medical needs. (Docket No. 18.)

### B. Motion to Dismiss

#### 1. Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility

---

they appear in Defendants' summary judgment motion.

[2] Plaintiff then filed a sur-reply to Defendants' reply. (Docket No. 48.) In the order of service, the Court stated that any dispositive motion filed by Defendants would be deemed submitted as of the date the reply brief is due. (Docket No. 18 at 6.) Nor did Plaintiff obtain court approval prior to filing the additional papers as required under Local Rule 7-3(d). Accordingly, Plaintiff's sur-reply will not be considered.

2

that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In the Ninth Circuit, courts "construe *pro se* filings liberally when evaluating them under *Iqbal*. However, a court will not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the Plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

### 2. **Deliberate Indifference**

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id*.

3

The following are examples of indications that a prisoner has a "serious" need for medical treatment: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *See Farmer*, 511 U.S. at 837. The official must both know of "facts from which the inference could be drawn" that an excessive risk of harm exists, and he must actually draw that inference. *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Defendants move to dismiss the action against them because the SAC contains only the conclusory allegation that they "denied Plaintiff effective pain relief and effective treatment to the nerve damage." (Mot. at 2.) Defendants point out that in support of this claim, Plaintiff attached several grievances to both his original complaint, (Docket No. 1), and the SAC. (*Id.*) Defendants assert, however, that these grievances, which are barely legible, appear to involve the policy of the jail and Plaintiff's denial of pain medication prescription by the medical providers. (*Id.*) Defendants assert that the SAC is deficient because Plaintiff failed to allege any specific facts against them that would rise to the level of deliberate indifference to a serious medical need. (*Id.* at 3.) To the extent that he attempts to do so through the grievances, Defendants assert that these papers fail to support an inference that either of them knew that Plaintiff had a serious medical need and denied the grievance anyway. (*Id*. at 5.) Defendants assert that neither the SAC nor the attached

4

grievances show that they specifically denied or delayed any medical care at all. (*Id.*)

In opposition, Plaintiff asserts that he filed a "plethora of medical requests and grievances graphically detailing his serious ongoing untreated pain and untreated injuries" which were all signed and denied by either Defendant Christian or Flint, and that they both responded and oversaw "the third and final level grievance conclusions." (Opp. at 1.) Based on their involvement in these grievances, Plaintiff asserts that Defendants Christian and Flint were familiar with his issues of nerve damage treatment and effective pain relief, knew that Plaintiff was seeking help for his injury and pain, and "chose to keep him in anguish." (*Id.* at 2.) He asserts that because Defendants signed off on the grievances, the Court "shall assume these officials knew about the obviousness of the conditions grieved upon." (*Id.* at 3.)

In reply, Defendants contend that none of Plaintiff's arguments in opposition have any merit. (Reply at 1.) With respect to their awareness of Plaintiff's medical needs, Defendants assert that neither of the grievances attached to the SAC appear to disclose any serious medical condition. (Docket No. 12 at 6-7.) Specifically, one grievance appears to be a request for a copy of the jail policy regarding his acknowledged refusal to take medication. (*Id.* at 6.) Defendant Flint's response at the third level was that Plaintiff had refused to take Tylenol "too many times," and that Tylenol is available in the commissary if Plaintiff wants it. (*Id.*) Defendants assert that a refusal to provide Plaintiff with Tylenol because of his past refusal along with an offer that Plaintiff may purchase this over-the-counter medication in the commissary does not arise to the deprivation of an Eighth Amendment right. (Reply at 2.) Defendants also assert that mere participation in the grievance procedure is not sufficient to establish wrongful conduct. (*Id.*)

The Court finds that the SAC fails to state sufficient facts to state an Eighth Amendment claim for deliberate indifference to serious needs against Defendants Christian and Flint. Plaintiff's sole allegation against Defendants Flint and Christian in the SAC is

5

based on a general allegation that these Defendants, among others, "via the medical requests, med visit, and 'grievance process'… denied Plaintiff effective pain relief and effective treatment to the nerve damaged." (SAC at 3.) In support, he provides one grievance bearing Defendant Flint's response. (Docket No. 12 at 6.) Then for the first time in opposition, Plaintiff refers to a "plethora" of grievances by which he claims Defendants became aware of his issues and urges the court to "assume" their actual knowledge about his circumstances. This new allegation of facts in opposition is not sufficient to overcome Defendants' motion to dismiss because it is clear that the SAC does not contain sufficient facts to establish an Eighth Amendment violation, *i.e.*, that Defendant Christian and Flint knew facts from which the inference could be drawn that an excessive risk of harm exists, and they actually drew that inference. *See Farmer*, 511 U.S. at 837. This subjective element regarding Defendants' actual knowledge must be specifically alleged. Even if Defendants should have been aware of the risk, but were not, then they have not violated the Eighth Amendment, no matter how severe the risk. *Gibson*, 290 F.3d at 1188.

In addition, there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (order) ("There is no legitimate claim of entitlement to a grievance procedure."). There is also no right to a response or any particular action. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance"). Accordingly, Defendant Flint and Christian's involvement in the grievance process, without more, is not sufficient to state a constitutional claim.

Accordingly, Defendants' motion to dismiss the claim against Defendants Christian and Flint is **GRANTED**. However, it does appear that Plaintiff could provide a set of facts

in support of an Eighth Amendment claim against Defendants Flint and Christian which would entitle him to relief. Accordingly, the dismissal shall be with leave to amend for Plaintiff to attempt to state sufficient facts to state a cognizable Eighth Amendment medical claim against these Defendants since this is the first time that this deficiency has been brought to his attention. *See* Fed. R. Civ. P. 15(1)(2); *see Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

### C. Pending Motions

#### 1. Renewed Motion for Physical Examination

Plaintiff has filed a renewed motion a physical examination pursuant to Rule 35(a)(1) of the Federal Rules of Civil Procedure. (Docket No. 53.) This is a "renewed" motion because the Court denied two prior such motions for failure to serve Defendants with the motion as required under Rule 65(a)(1). (*See* Docket Nos. 36, 46, 47, 50.) This time, Plaintiff filed a proof of service with the motion. (Docket No. 53 at 2.) Defendants filed an opposition. (Docket No. 55.)

Plaintiff requests that the Court order and appoint a "neutral neurologist" to conduct a physical examination of Plaintiff. (Docket No. 53.) Plaintiff asserts that an examination is necessary to asses his complaints of "pain in certain wrist movements" and "elbow pain" what has left him "permanently and… debilitated." (*Id.*) Plaintiff requests that the Court order Mendocino Jail to bring him to either "Santa Rosa" or a "San Francisco Neurologist" to assess his complaint. (*Id.*) Defendants object because Rule 35 does not authorize a physical examination of oneself, nor is it a method whereby Plaintiff can receive medical treatment. (Docket No. 55 at 2.) Plaintiff argues in response that he is not attempting to obtain treatment but rather trying to obtain discovery, i.e., an opinion from a neutral neurologist, because he has not obtained an "initial, fair, diagnosis from the Humboldt County agent." (Docket No.56 at 2.)

Rule 35(a)(1) of the Federal Rules of Civil Procedure states that the Court may

order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. Fed. R. Civ. P. 35(a). Rule 35(a)(2) states that the order may be made by the Court on a motion for good cause. *Id.* The Ninth Circuit has clearly held that "Rule 35 does not allow for a physical examination of oneself." *Berg v. Prison Health Servs.*, 376 Fed.Appx. 723, 724 (9th Cir. 2010). Furthermore, a plaintiff may not employ Rule 35 to obtain medical treatment for himself. *See Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (district court's denial of pro se prisoner's Rule 35 motion appropriate because the plaintiff's "primary purpose was to obtain medical care and to complain of deliberate indifference to his medical needs."). Accordingly, the Court finds that Plaintiff may not use Rule 35 to obtain a physical examination for himself or to obtain medical treatment. Lastly, although Plaintiff asserts that his medical condition is the subject of this litigation and therefore a proper subject for discovery through a medical examination, the Court finds that such a medical examination is not necessary at this juncture. Defendants Flint and Christian's motion to dismiss has been granted with leave to amend in this order, so an examination is premature with respect to the claim against them. The other Defendants filed a motion for summary judgment in which they assume *arguendo* the existence of a serious medical need and instead focus on the nature of their response to that need as not showing deliberate indifference. (Docket No. 59.) As such, it is not necessary to obtain a physical examination from a "neutral" neurologist to decide the issue of the seriousness of Plaintiff's condition. Accordingly, Plaintiff's request for a physical examination under Rule 35 is DENIED.

**2.      Motion to Obtain Xerox Copy of Medical Records**

Plaintiff requests copies of medical records filed in one of his other cases, Case No. 17-1146 BLF (PR), so that he can file those records in the instant action. (Docket No. 56 at 2.) Plaintiff made similar requests earlier in these proceedings and was given

8

instructions on how to proceed. (*See* Docket Nos. 51, 54.) Accordingly, the motion is again DENIED.

Nevertheless, in the interest of justice and to expedite the matter, the Clerk shall provide Plaintiff with another "Request for Copies" form indicating the cost for the requested copies out of Case No. 17-1146 BLF (PR), i.e., "Docket Text 28, Exhibit 29; and Docket Text 46, Exhibit 32 and Exhibit 33," (Docket No. 56 at 1), for Plaintiff to return indicating authorization of payment. Plaintiff is directed to file the completed "Request for Copies" form directly into Case No. 17-1146 BLF (PR), and shall make no such further requests in this action.

### 3. Motion for Appointment of Counsel

Plaintiff has filed a second motion for appointment of counsel, asserting that the case presents complex issues and exceptional circumstances. (Docket No. 58.) However, Plaintiff's circumstances have not changed since the first motion for appointment of counsel was denied. (Docket No. 37.) Accordingly, this second motion is DENIED for the same reasons as the first, i.e., for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

### 4. Motion to Amend Complaint to Add New Defendants

Plaintiff filed a motion to "amend/add names" of Drs. Robert Lyell and John Levin to this action. (Docket No. 61.) Defendants Lien, Barnhart, and Burleson filed an objection and opposition the motion.[3] (Docket No. 64.) Defendants first assert that Plaintiff has failed to allege any basis upon which these newly named Defendants were "state actors" at the time of his incarceration in Humboldt County. (*Id.* at 2.) Second, Defendants point out that Dr. Levin appeared in this case only in the role of consulting

---

[3] Defendants Flint and Christian filed notice of joinder to the opposition. (Docket No. 69.)

9

medical expert for Defendants' motion for summary judgment and has no connection to HCCF. (*Id.*; Docket No. 59-2.) With respect to Dr. Lyell, Defendants asserts that he is not an employee of HCCF, but is an independent, outside specialist who was asked to perform and did perform his own assessment and evaluation of Plaintiff's condition. (*Id.*; Docket No. 59-2 at 3.) In reply, Plaintiff asserts that Dr. Levin was "in some manner or form…paid by the state who pays the county, and that Dr. Lyell is "paid by the county, who[] is paid by the state." (Docket No. 65 at 1-2.)

Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981). A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). A district court should deny leave to amend on futility grounds if "it appears beyond doubt that the plaintiff's proposed amended complaint would not remedy the deficiencies in the previous complaint." *Adam v. Hawaii*, 235 F.3d 1160, 1164 (9th Cir. 2001). Put differently, futility of amendment frequently means that it is not factually possible for plaintiff to amend the complaint so as to cure the deficiencies. *Schmier v. United States Court of Appeals*, 279 F.3d 817, 824 (9th Cir. 2002).

The Court finds that an amendment should not be granted on the grounds that it is sought in bad faith and because it would be futile. It is apparent that Dr. Levin was consulted by Defendants as a medical expert in support of their summary judgment motion, and that he otherwise has no connection to the HCCF or direct involvement in Plaintiff's medical care. (Docket No. 59-2.) Plaintiff presents no evidence in opposition other than his conclusory allegation that being paid by the state for his medical expertise in

this action makes Dr. Levin a state actor, which is incorrect. With respect to Dr. Lyell, Plaintiff also makes the same conclusory assertions that he is a state actor because he was indirectly compensated by the state. Furthermore, Plaintiff fails to explain why he did not raise a claim against Dr. Lyell earlier in this action. Dr. Levin's declaration states that Plaintiff was referred by Defendant Dr. Burleson to Dr. Lyell, who issued a comprehensive report on April 3, 2017. (*Id.* at 3.) This report was in Plaintiff's medical file. (Docket No. 59-4 at 11-12.) Accordingly, Plaintiff could have known the basis for any claim against Dr. Lyell at or near that date. However, it was only after Defendants relied on Dr. Lyell's medical opinion in their summary judgment motion that Plaintiff decides to bring suit against him. If Plaintiff wants to attack either Dr. Levin or Dr. Lyell's medical opinions, he should do so in his opposition rather than attempt to drag them into this action as defendants. Accordingly, the motion to add them to this action is DENIED as sought in bad faith and as futile. *See Janicki Logging Co.*, 42 F.3d at 566.

### 5. Motion for Production of Documents

Plaintiff filed a motion requesting certain medical records pursuant to Rule 34 of the Federal Rules of Civil Procedure. (Docket No. 62.) Defendants Flint and Christian filed an opposition, stating that the request is improperly made under Rule 34 because that rule only requires service of the request on the responding party. Fed. R. Civ. P. 34(a); (Docket No. 70.) Defendants also state that they were served with an identical request for production of documents by mail on February 22, 2019, the same day Plaintiff's motion was filed, and that they plan to respond to the discovery request. (*Id.*) Plaintiff has not filed any further papers with respect to this motion. Accordingly, this motion for production of documents is DENIED without prejudice. Plaintiff may file a renewed motion if Defendants have failed to respond to his discovery request.

### 6. Motion for Stay of Proceedings

Plaintiff has filed a motion to stay the proceedings, stating that he has been

11

diagnosed with "nerve damage and carpal tunnel syndrome, officially, by a neurologist," but that he feels that the examination "was still not expansively intense enough, and not done by a neutral party." (Docket No. 66 at 1.) It appears that he seeks a stay of proceedings to allow him "the opportunity to obtain full diagnosis to enter into formal argument." (*Id.* at 2.) Plaintiff also requests that the Court review his opposition to Defendants' motion for summary judgment and "factually rule" in his favor, and then either appoint counsel or stay the proceedings. (*Id.*) Defendants filed opposition, asserting that no good cause exists to stay the proceedings for Plaintiff to try to secure another exam. (Docket No. 72.)

In a renewed motion for stay, Plaintiff modifies his request for a stay "indefinitely until plaintiff on his own obtains a MRI." (Docket No. 75.) Defendants filed an opposition to the renewed motion, asserting that Plaintiff's motion is premised on events that took place some seven months after the filing of the SAC on January 25, 2018, and that none of the issues or interpretations of documents discussed in his motion are part of the operative pleadings in this case. (Docket No. 79 at 2-3.) Plaintiff filed a motion "to object and strike" Defendants' opposition to his renewed motion as untimely. (Docket No. 80.) The Court agrees that Defendants' opposition was filed approximately six weeks after Plaintiff's renewed motion was filed, and thus exceeds the fourteen days deadline set forth by the Local Rules. *See* Civil L.R. 7-3(a). Defendants provide no explanation for the delay. Accordingly, Plaintiff's motion to strike Defendants' opposition is GRANTED.

Nevertheless, the Court finds no good cause to grant the stay. With respect to the request in Plaintiff's first motion for stay, the Court has already denied Plaintiff's second request for appointment of counsel herein for lack of exceptional circumstances. *See supra* at 9. Furthermore, the Court is not persuaded that the results of a more current examination would be relevant on the issue of the nature of Defendants' response to Plaintiff's medical needs from approximately two years ago. Accordingly, the motion for

12

stay and the renewed motion for stay are DENIED. Defendants' summary judgment has been fully briefed and will be decided in due course in a separate order.

### 7. Motion to Add Supplemental Exhibits Supporting Opposition

Plaintiff filed a motion to add supplemental evidentiary exhibits in support of his opposition. (Docket No. 68.) Good cause appearing, the motion is GRANTED. These supplementary materials shall be included with Plaintiff's opposition.

## II. CONCLUSION

For the forgoing reasons, the Court orders as follows:

1. Defendants' motion to dismiss is **GRANTED**. (Docket No. 33.) The Eighth Amendment claim against Defendants Flint and Christian is DISMISSED with leave to amend. If Plaintiff believes he can provide sufficient facts to support an Eighth Amendment deliberate indifference claim against Defendants Flint and Christian, he must file an amendment to the SAC no later than **twenty-eight (28) days** from the date this order is filed. If Plaintiff fails to do so, Defendant Flint and Christian will remain dismissed and the dismissal will be without leave to amend and without further order from the Court.

The Court is providing Plaintiff an opportunity to file an amendment to the SAC rather than an amended complaint, so Plaintiff will only need to allege an Eighth Amendment claim against Defendants Flint and Christian and will not need to repeat the claims against the other Defendants. An amendment is read together with the SAC, whereas an amended complaint would supersede the SAC.

2. Plaintiff's renewed motion for a physical examination under Rule 35 is **DENIED**. (Docket No. 53.)

3. Plaintiff's motion to obtain copies of his medical records from another case is **DENIED**. (Docket No. 56.) In the interest of justice, the Clerk shall provide Plaintiff

United States District Court
Northern District of California

with another "Request for Copies" form indicating the cost for the requested copies out of Case No. 17-1146 BLF (PR), i.e., "Docket Text 28, Exhibit 29; and Docket Text 46, Exhibit 32 and Exhibit 33," (Docket No. 56 at 1), for Plaintiff to return indicating authorization of payment. *See supra* at 8-9.

    4.  Plaintiff's second motion for appointment of counsel is **DENIED**. (Docket No. 58.)

    5.  Plaintiff's motion to amend to add as new defendants Drs. Levin and Lyell is **DENIED**. (Docket No. 61.)

    6.  Plaintiff's motion for production of documents is **DENIED** without prejudice. (Docket No. 62.)

    7.  Plaintiff's motion and renewed motion for stay of proceedings are **DENIED**. (Docket Nos. 66, 75.) Plaintiff's motion to strike Defendants' opposition to his renewed motion for stay is **GRANTED**. (Docket No. 80.)

    8.  Plaintiff's motion to add supplemental exhibits in support of his opposition is **GRANTED**. (Docket No. 68.)

    9.  The Clerk shall update the docket with the correct spelling of the names for Defendants Iver Lien, Dr. Michael Burleson, and April Barnhart, as they appear in Defendants' summary judgment motion. (Docket No. 59.)

This order terminates Docket Nos. 33, 53, 56, 58, 61, 62, 66, 68, 75, and 80.

**IT IS SO ORDERED.**

Dated: \_\_July 11, 2019\_\_

                */s/ Beth Labson Freeman*
                BETH LABSON FREEMAN
                United States District Judge