UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SILVERMAN,<br>　　　　Plaintiff,<br>　　v.<br>IVER LIEN, et al.,<br>　　　　Defendants. | Case No. 17-03700 BLF (PR)<br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE; SETTING NEW BRIEFING SCHEDULE**<br><br>Docket. No. 59 |

Plaintiff, a pretrial detainee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, against prison officials at the Humboldt County Correctional Facility ("HCCF"). The Court found the second amended complaint, (Docket No. 12, hereinafter "SAC"), stated a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs, and ordered the matter served on Defendants. (Docket No. 18.) Defendants Iver Lien, F.N.P., Dr. Michael Burleson, and April Barnhart, R.N., filed a motion for summary judgment on the grounds that they did not act with deliberate indifference to serious medical needs.[1] (Docket No. 59, hereinafter "Mot.") Plaintiff filed an opposition, (Docket

---

[1] Defendants Dean Flint and Duane Christian filed a separate motion to dismiss the claims against them for failure to plead sufficient facts to establish liability which the Court

1

No. 67), supplemental papers thereto, (Docket No. 68), and Defendants filed a reply, (Docket No. 71).

Information provided for the first time in these papers indicates that Plaintiff was a pretrial detainee during the relevant period of this action. (Opp. at 6.) Defendants' summary judgment motion applies the Eighth Amendment deliberate indifference standard for convicted inmates, which is not the applicable law for evaluating medical care provided to pretrial detainees. Because a pretrial detainee has not been convicted of a crime, but has only been arrested, the detainee's right to receive adequate medical care derives from the Due Process Clause of the Fourteenth Amendment rather than from the Eighth Amendment's protection against cruel and unusual punishment. *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). Accordingly, Defendants' summary judgment motion will be denied without prejudice to refiling using the applicable law under *Gibson*.

Plaintiff's claims against Defendants Flint and Christian were dismissed with leave to amend, and an amendment is currently due no later than August 12, 2019. (Docket No. 82.) Plaintiff is advised that in light of this new information, he must allege sufficient facts to support a medical claim against these Defendants under the Fourth Amendment, rather than the Eighth Amendment.

## CONCLUSION

For the forgoing reasons, the Court orders as follows:

1. Defendants Iver Lien, Dr. Michael Burleson, and April Barnhart's motion for summary judgment is **DENIED** without prejudice to filing a renewed summary

---

granted, but with leave to amend. (Docket No. 82.) Plaintiff's amendment, stating claims against Defendants Flint and Christian, is currently due by August 12, 2019. (*Id.*)

2

judgment motion using the applicable law. (Docket No. 59.)

2. No later than **fifty-two (52) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the medical claim against them. Defendants shall make any reference to any papers filed with their initial summary judgment motion, but must resubmit all supporting affidavits and exhibits with the renew motion.

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed. In the interest of justice, Plaintiff's opposition papers, (Docket Nos. 67, 28), shall be returned to him for use in preparing a new opposition to any renewed summary judgment papers filed by Defendants.

4. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

5. All other provisions of the Court's original Order of Service, (Docket No. 18), shall remain in effect.

This order terminates Docket No. 59.

**IT IS SO ORDERED.**

Dated: July 22, 2019

BETH LABSON FREEMAN
United States District Judge

Order Denying MSJ; Briefing Sched
PRO-SE\BLF\CR.17\03700Silverman_deny-msj;brief

3