United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB S. SILVERMAN,<br>　　　　Plaintiff,<br>　　v.<br>IVERS, et al.,<br>　　　　Defendants. | Case No. 17-03700 BLF (PR)<br>**ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE SUR-REPLY**<br><br>(Docket No. 103) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against staff at the Humboldt County Correctional Facility ("HCCF"), for deliberate indifference to serious medical needs. The Court found the second amended complaint stated cognizable claims and ordered the matter served on Defendants. (Docket No. 18.) Defendants filed a summary judgment motion. (Docket No. 86.) Plaintiff filed an opposition, (Docket No. 98, 99), and Defendants filed a reply on November 17, 2019, (Docket No. 102). The Court stated in its Order of Service that Defendants' summary judgment "shall be deemed submitted as of the date the reply brief is due." (Docket No. 18 at 6.) Accordingly, the matter was submitted upon the filing of Defendants' reply.

Three weeks later on December 8, 2019,[1] Plaintiff filed a motion for an extension of time "to file a reply to Defendants' Opposition to Plaintiff's Opposition to Defendant's Motion for Summary Judgment." (Docket No. 103.) In other words, Plaintiff seeks to file a sur-reply.

The Local Rules provide that once a reply is filed, "no additional memoranda, papers or letters may be filed without prior Court approval" except to file an objection to new evidence submitted in the reply or to bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed. Civil L.R. 7-3(d)(1), (2). Plaintiff's makes no argument in his motion that he intends to file a sur-reply under either of these exceptions. Furthermore, the Local Rule 7-3(d) states that an objection to reply evidence must be filed and served not more than 10 days after the reply was filed.[2] Plaintiff's motion for an extension of time to file a sur-reply was filed well after the time to do so had expired. Accordingly, the motion for an extension of time to file a sur-reply is **DENIED** as untimely and for lack of merit.

This order terminates Docket No. 103.

**IT IS SO ORDERED.**

Dated: _December 18, 2019_

BETH LABSON FREEMAN
United States District Judge

Order Denying M. for EOT to file Sur-reply
P:\PRO-SE\BLF\CR.17\03700Silverman_deny.eot.surreply.docx

---

[1] December 8, 2019 is the date of Plaintiff's signature on the motion for extension of time. (Docket No. 103 at 1.)

[2] Local Rule 7-3(d)(1) states the objection must be filed and served not more than 7 days after the reply was filed but may be extended by 3 days if the reply was not filed and served through the ECF system. Plaintiff is *pro se* and not subject to the ECF filing requirements and is therefore entitled to the additional 3 days.

2